UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA D. MCDANIEL, VICKI R.
BOWERS, and MARISA RIVERA,

    Plaintiffs,

v.                                                  Case No. 07-12135
                                                  Honorable Patrick J. Duggan

GUARANTY BANK, d/b/a BEST BANK,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

On May 15, 2007, Plaintiffs filed this action against their former employer, Defendant Guaranty Bank, d/b/a Best Bank. In their complaint, Plaintiffs allege race, national origin, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Plaintiffs Norma McDaniel and Vicki Bowers have settled their claims against Defendant. Presently before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) with respect to Plaintiff Marisa Rivera's claims, filed November 26, 2007.

According to Defendant, it served Plaintiff Marisa Rivera (hereafter "Plaintiff") with a copy of its motion for summary judgment via First Class Mail and certified mail on November 26, 2007. This Court sent a notice to the parties on the following date, indicating that the motion for summary judgment had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (d) which provides that "[a]

response to a dispositive motion must be filed within 21 days after service of the motion. Nevertheless, Plaintiff has not responded to the motion. On December 28, 2007, this Court issued a notice, informing the parties that it is dispensing with oral argument with respect to Defendant's motion for summary judgment in accordance with Eastern District of Michigan Local Rule 7.1(e)(2).

In its motion, Defendant argues that Plaintiff should be judicially estopped from pursuing this lawsuit based on fraud. Specifically, Defendant contends that, despite having full knowledge of her potential claims against Defendant before she filed for bankruptcy in this District on April 23, 2007, Plaintiff failed to list those claims in the bankruptcy petition she filed on that date and in the amended Bankruptcy Schedules she filed on June 6, 2007. An order of discharge was entered in Plaintiff's bankruptcy case on August 8, 2007.

The Bankruptcy Code requires debtors to disclose on their bankruptcy petitions any claims, including any potential claims, they may have against others. *Lewis v. Weyerhaeuser*, 141 F. App'x 420, 424 (6th Cir. 2005)(citations omitted)(unpublished op.). If a plaintiff fails to disclose her cause of action during the bankruptcy proceeding, then she generally is judicially estopped from asserting the claim at a later time. *Id.*; *see also Tyler v. Fed. Express Corp.*, 420 F. Supp. 2d 849 (W.D. Tenn. 2005), *aff'd* 2006 WL 3334953 (6th Cir. 2006). This is because "[t]he doctrine of judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *Lewis*, 141 F. App'x at 424

(quoting *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808 (2001)).

However, "[i]t is well-settled that judicial estoppel does not apply where the prior inconsistent position occurred because of 'mistake or inadvertence.'" *Lewis*, 141 Fed. App'x. at 425 (quoting *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002)). The Sixth also has provided that judicial estoppel may be inappropriate where there is an absence of bad faith in the debtor's failure to disclose the claim. *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894 (2004).

Plaintiff fails to establish that her non-disclosure of her potential claims against Defendant in the bankruptcy case resulted from "mistake or inadvertence" or was without bad faith. Defendant terminated Plaintiff on October 13, 2006. She filed a complaint with the Equal Employment Opportunity Commission in November 2006, and received a Right to Sue Letter on February 22, 2007. (Def.'s Mot., Ex. A.) Two months later, on April 23, 2007, Plaintiff filed for bankruptcy and for Item 21, which required Plaintiff to list any contingent or unliquidated claims, she checked "None." (*Id*., Ex. B.) Plaintiff filed this action on May 15, 2007. Less than one month later, she failed to include her potential claims against Defendant on the amended Bankruptcy Schedules that she filed. (*Id*. C.) Moreover, in his August 9, 2007, motion to withdraw as Plaintiff's counsel, Plaintiff's former attorney discussed Plaintiff's failure to list her potential claims against Defendant in the bankruptcy action. Nevertheless, Plaintiff has not moved to reopen the bankruptcy proceeding in order to amend the Bankruptcy Schedules to include her claims.

The Court therefore holds that Plaintiff is judicially estopped from pursuing her

claims against Defendant in this case.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is

**GRANTED**.

Date: January 14, 2008

                                        <u>s/PATRICK J. DUGGAN</u>
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Marisa Rivera
7419 Ternes
Dearborn, MI 48126

Theresa Smith Lloyd, Esq.